Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| PUERTO RICO CONSUMER DEBT MANAGEMENT CO., INC.<br><br>**RECURRIDA**<br><br>v.<br><br>ELVIRA PAGÁN FIGUEROA<br><br>**PETICIONARIA** | KLCE202300547 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Yauco<br><br>Civil núm.: GY2021CV00122 (SALÓN 1 SALA SUPERIOR)<br><br>Sobre: COBRO DE DINERO – REGLA 60 |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores.

Grana Martínez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2023.

La peticionaria, Elvira Pagán Figueroa, solicita que revoquemos la negativa del Tribunal de Primera Instancia (TPI) a la desestimación de la demanda por la inacción de la recurrida, Puerto Rico Consumer Debt Management Co., Inc. (PRCDM), en la tramitación del caso.

Por su parte, el 24 de mayo de 2023, PRCDM expresó su oposición al recurso.

### I

Los hechos procesales que anteceden a la presentación de este recurso son los siguientes.

El 15 de agosto de 2021, la recurrida presentó una demanda de cobro de dinero contra la peticionaria al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA, Ap. V, R. 60.[1] La recurrida alegó que la señora Pagán adeuda la cantidad de cinco mil setecientos sesenta y cuatro dólares con cinco centavos ($5,764.05), el cual

---

[1] Índice de apéndices, págs. 1-35

Número Identificador

SEN2023_____

incluye el principal e intereses. En síntesis, alegaron que la peticionaria incumplió con los pagos mensuales antes del saldo completo del balance adeudado.[2] Finalmente, sostuvieron que realizaron varias gestiones para solicitar el pago de la deuda, pero el resultado fue infructuoso. Para sustentar sus alegaciones, anejaron una declaración jurada, un resumen de las actividades de la cuenta de la señora Pagán, entre otros documentos y un proyecto de notificación-citación.

Transcurrido más de seis meses desde la radicación de la demanda, y sin haberse efectuado trámite alguno por las partes, el 22 de diciembre de 2022, siendo notificada el 11 de enero de 2023, el TPI emitió una *Orden*, solicitándole a PRCDM que se expresara sobre por qué no debía desestimar la demanda bajo la Regla 39.2(b) de Procedimiento Civil, 32 LPRA, Ap. V, R. 39.2(b).[3]

Posteriormente, la recurrida presentó su moción, mediante la cual manifestó que estaban en la espera de que el foro primario citara para vista y expidieran las notificaciones a la señora Pagán.[4] Así las cosas, la peticionaria fue notificada y citada para juicio en su fondo.

El 24 de febrero de 2023, la peticionaria presentó *Contestación a Demanda*, y en la misma fecha solicitó la desestimación al amparo de la Regla 39.2 (b) de Procedimiento Civil, *supra*.[5] Sostuvo que, la demanda fue presentada el 15 de agosto de 2021, y no fue hasta que el foro primario emitió una *Orden* el 11 de enero de 2023, que entonces la recurrida solicitó expidieran la notificación-citación, la cual debió ser diligenciada en el plazo de 10 días desde la

---

[2] Surge de la demanda que Puerto Rico Consumer Debt Management es una agencia de cobro que fue contratada por Jefferson Capital Systems, LLC, como su "*master servicer*" y representante legal en Puerto Rico. Este último adquirió del acreedor original, Oriental Bank, todos los derechos, título e intereses de la deuda que se generó bajo el contrato objeto del presente litigio.
[3] *Íd.*, pág. 36.
[4] *Íd.*, pág. 37.
[5] *Íd.*, págs. 39-44.

presentación de la demanda. Expresó que PRCDM pretendió responsabilizar al foro primario de la inacción del caso, cuando fueron éstos quienes no realizaron ninguna diligencia para cumplir con los requisitos en Ley. A su vez, sostuvo que la moción presentada por éstos últimos no justificó su inacción durante el término de 17 meses que tuvieron para solicitar al Tribunal la radicación de la citación-notificación. Por consiguiente, solicitó la desestimación de la demanda, puesto que, el tribunal no había adquirido jurisdicción sobre su persona.

Luego de varias incidencias procesales, y evaluadas las mociones presentadas, el 28 de abril de 2023, siendo notificada el 5 de mayo de 2023, el TPI emitió una *Resolución.*[6] Mediante la cual dispuso como hechos probados los siguientes:

1. La Demanda de autos fue presentada el 15 de agosto de 2021. A la misma se acompañó proyecto de notificación-citación para ser expedido por Secretaría.

2. El 22 de diciembre de 2022 el Tribunal emitió orden a la parte demandante, notificada el 11 de enero de 2023, para justificar en 10 días porque no debía desestimarse el caso de autos bajo la Regla 39.2(b) de Procedimiento Civil.

3. El 24 de enero de 2023 la parte demandante justificó inactividad, debido a que no tuvo control de que la secretaría no hubiese expedido el proyecto de Notificación-Citación que se acompañó a la Demanda.

4. El 10 de febrero de 2023 se expidió notificación/citación para juicio en su fondo bajo la Regla 60 de Procedimiento Civil.

5. Conforme a Moción Solicitando Desestimación presentada por la parte demandada (entrada 8 de SUMAC), el 15 de febrero de 2023 se notificó a la parte demandada de copia de la demanda y orden de videoconferencia para juicio mediante envío por correo certificado; quedando notificada del señalamiento de juicio para el 28 de abril de 2023.

---

[6] *Íd.*, págs. 45-48.

Por consiguiente, el foro primario determinó que la demanda fue debidamente notificada, y el término para diligenciar la notificación-citación se cumplió.

Inconforme con la determinación, la peticionaria presentó este recurso en el que hace el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia, Región Judicial de Ponce, al declarar No Ha Lugar la solicitud de desestimación presentada por la parte demandada-recurrente al amparo [sic] de la regla 39.2(b) de Procedimiento Civil, ante la inactividad de la parte demandante por más de un año.

**II**

**A.**

El auto de *certiorari* es el vehículo procesal extraordinario mediante el cual se solicita a un tribunal de mayor jerarquía que revise las determinaciones interlocutorias realizadas por un foro inferior. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. JMG Investment, Inc. v. ELA et al.,* 203 DPR 708, 718 (2019). A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Pueblo v. Rivera Montalvo,* 205 DPR 352 (2020).

Por su parte, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* supra. La citada Regla establece que el recurso solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. *800 Ponce de*

*León v. AIG,* supra, pág. 190. También dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relacionados a privilegios evidenciarios, casos de anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.,* 202 DPR 478, 486-487 (2019).

A su vez, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir un auto de *certiorari*, estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en que se demuestre que el dictamen emitido por

el foro de instancia es arbitrario o constituye un exceso de discreción. *Pueblo v. Rivera Montalvo*, supra. Por lo tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

**B.**

La Regla 60 de Procedimiento Civil, *supra,* establece un procedimiento especial para cuando se presente un pleito en cobro de una suma que no exceda los quince mil dólares ($15,000) excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario. Su propósito primordial es agilizar y simplificar los procedimientos en reclamaciones de cuantías pequeñas, para facilitar el acceso a los tribunales y una justicia más rápida, justa y económica en esos casos. A tales fines, la citada Regla dispone que:

> Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, **la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria**. **La parte demandante será responsable de diligenciar la notificación-citación dentro de los diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme lo dispuesto en la Regla 4 o por correo certificado con acuse de recibo.**
>
> La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.
>
> La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El Tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo a la demanda, el demandante acompañará una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las

reclamaciones de la demanda. Si la parte demandada no comparece y el Tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el Tribunal dictará sentencia conforme a lo establecido en la Regla 45. A petición de parte, si se demuestra al Tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, la parte demandada tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el Tribunal podrá motu proprio ordenarlo. (Énfasis nuestro). 32 LPRA Ap. V, R. 60.

La Regla 60 de Procedimiento Civil, *supra*, busca beneficiar a la parte demandante, pues es quien quiere hacer uso del procedimiento ágil y económico que le provee este mecanismo procesal. *Asoc. Res. Colinas Metro v. SLG,* 156 DPR 88 (2002). No obstante, la regla también procura que los derechos de la parte demandada queden debidamente cubiertos. *Íd.*

## C.

El emplazamiento es el mecanismo procesal mediante el que el tribunal adquiere jurisdicción sobre el demandado. *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 644 (2018). La secretaría del tribunal tiene que expedir los emplazamientos el día que el demandante presentó la demanda, siempre y cuando entregue los formularios ese mismo día. Cuando se dan esas circunstancias, el tiempo adicional que la secretaría tardó en expedir los emplazamientos, será el mismo tiempo adicional que tendrá el demandante para diligenciarlos. No obstante, para que eso ocurra, el demandante tiene que haber presentado oportunamente una solicitud para que se expidan los emplazamientos. *Bernier González v. Rodríguez Becerra,* supra, págs. 648-650.

Los tribunales no pueden disminuir el término para diligenciar un emplazamiento. El término de 120 días para diligenciar el emplazamiento personal es improrrogable y para que comience a transcurrir se requiere que se: (1) someta la demanda,

(2) someta el emplazamiento correspondiente y (3) expida el emplazamiento. Los 120 días comienzan a transcurrir una vez la secretaría del tribunal de instancia expide los emplazamientos. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 987, 991(2020).

La mal denominada moción de prórroga a la que alude la Regla 4.3 (c) no es una solicitud para ampliar el término de 120 días. Se trata realmente de la petición que hace el demandante a la secretaría del tribunal para que expida los emplazamientos, porque se ha retrasado irrazonablemente. A través de ese escrito, el demandante le advierte al tribunal el retraso y evidencia que no se cruzó de brazos. *Sánchez Ruiz v. Higuera Pérez*, supra, pág. 991.

El Tribunal Supremo de Puerto Rico aclaró en *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 389 (2021), que cuando la secretaría expide los emplazamientos a los 3 o 5 días de presentada la demanda o en un período suficientemente corto, se entiende que el demandante no ha tenido tiempo suficiente para preparar el escrito solicitando su expedición. La moción en la que la parte demandante solicita la expedición de los emplazamientos, solo se justifica cuando la secretaría incurrió en una tardanza irrazonable.

La Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, autoriza la desestimación de la demanda, cuando el demandante ha incumplido con las reglas o con sus órdenes. Los tribunales pueden desestimar un pleito o eliminar las alegaciones a iniciativa propia o a solicitud de parte. Un primer incumplimiento solo conllevará la severa sanción de la desestimación, después de apercibir a la representación de la parte y de darle la oportunidad de responder. El tribunal sancionaría a la representación legal si no responde al apercibimiento y notificará directamente a la demandante de la situación. La desestimación solo procederá luego de informar o apercibir debidamente a la parte de la situación y de las consecuencias de no corregirla. El tribunal le concederá un tiempo

razonable para que corrija la situación. Sin embargo, ese término no será menos de treinta días, salvo que las circunstancias del caso justifiquen su reducción.

El inciso b de la Regla 39.2 de Procedimiento Civil, *supra,* permite la desestimación y archivo de todos los asuntos pendientes, cuando las partes no han realizado ningún trámite durante los últimos seis (6) meses y salvo que la inactividad haya sido oportunamente justificada. Las mociones de suspensión, transferencia de vista o prórroga no son consideradas un trámite. El tribunal concederá diez (10) días a las partes y a su representación legal para que exponga por escrito las razones por las cuales no procede la desestimación. A menos que el tribunal disponga de otro modo, la desestimación por los incisos (a) y (b) es con perjuicio y constituye una adjudicación del caso en sus méritos. *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 265-268, 272-273 (2021).

Nuestro Tribunal Supremo interpretó en *Sánchez Rodríguez v. Adm. de Corrección,* 177 DPR 714 (2009), la correlación que existe cuando el emplazamiento no se diligencia dentro del término establecido en ley y la desestimación por la dejadez o inacción de una de las partes. La opinión fue emitida conforme a las Reglas 4.3 (b) y 39.2 de Procedimiento Civil, anteriores a las reglas vigentes. La decisión resolvió que ambas circunstancias: (1) conceden discreción al tribunal para finalizar un caso que ha sido desatendido por un litigante, (2) tienen el propósito de acelerar la litigación y despejar los calendarios, (3) tienen como objetivos la economía procesal, el descongestionamiento de los tribunales y evitar pleitos que atrasen el calendario (4) acarrean la desestimación con perjuicio en el caso del emplazamiento y una adjudicación en sus méritos en el caso de la desestimación. El abandono del pleito por inactividad, al igual que la falta de emplazamiento dentro del término legal, provocan

demoras innecesarias y perjudiciales para el sistema de justicia y para el demandado. *Íd.*

En *Heftler Const. Co. v. Tribunal Superior*, 103 DPR 844 (1975), el Tribunal Supremo de Puerto Rico reafirmó:

> … la labor constitucional e indelegable de los tribunales de primera instancia de velar y garantizar que los procedimientos y asuntos se ventilen sin demora, lo cual constituye la política judicial establecida por este foro con miras a lograr una justicia rápida y eficiente.
>
> A lo allí expuesto, debemos aclarar que este enfoque se traduce en unas obligaciones que recaen sobre abogados y litigantes, que en sus variadas modalidades, se sintetizan del siguiente modo: diligencia y acción en el reclamo del derecho a todo lo largo del trámite judicial. Cubre desde la radicación de la demanda, su rápida contestación, el uso de los mecanismos de descubrimiento de prueba y el cumplimiento de las órdenes del tribunal.

**D.**

Nuestro más Alto Foro local resolvió en *Rojas Lugo v. Axtmayer Ent., Inc.*, 150 DPR 560 (2000), que los tribunales pueden eximir a una parte del requisito de cumplir fielmente con un término de cumplimiento estricto "si están presentes dos condiciones: (1) que en efecto exista justa causa para la dilación; y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida". Por consiguiente, en ausencia de justa causa, el tribunal no tiene discreción para prorrogar un término de cumplimiento estricto. *García Ramis v. Serrallés*, 171 DPR 250 (2007). Los tribunales sólo tienen discreción para extender el plazo si existe y se demuestra justa causa para el incumplimiento. *Córdova Ramos v. Larín Herrera*, 151 DPR 192 (2000).

En *Arraiga Rivera v. Fondo del Seguro del Estado*, 145 DPR 122 (1998), el TSPR dispuso que no es con vaguedades, excusas o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares,

debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales. *Íd*; *Febles v. Romar*, 159 DPR 714, 720 (2003).

**III**

La señora Pagán acude ante nos, debido a la negativa del foro primario en desestimar la demanda por inacción del caso, puesto que la recurrida estuvo más de 1 año sin solicitar que se emitiera la notificación-citación. Alega que, la recurrida intentó responsabilizar al TPI de la inactividad, al no haber expedido la notificación-citación, cuando debió mostrar diligencia en la continuidad en el caso.

Por su parte, PRCDM sostiene que presentaron el proyecto de notificación-citación según requieren las reglas, y le correspondía al foro primario expedirlo. Añadieron que la desestimación es la sanción más extrema, y en todo caso, lo que procedería sería una amonestación al abogado. Por consiguiente, solicitan que se confirme la determinación del TPI y se continúe con los procedimientos del caso.

Surge inequívocamente del expediente de autos que la recurrida presentó la *Demanda* el 15 de agosto de 2021, y anejó un proyecto de notificación-citación para que fuera expedido por secretaría. Sin embargo, transcurrido 1 año y 5 meses desde la presentación de las alegaciones, el TPI emitió una *Orden* requiriéndole a PRCDM que se expresara sobre por qué no debía desestimar la demanda bajo la Regla 39.2(b) de Procedimiento Civil, *supra*. En respuesta, la recurrida expresó "[e]l presente caso se radicó la demanda y nos encontramos en espera de que este Honorable Tribunal cite para vista."

Según dispone nuestro ordenamiento jurídico, la notificación bajo la Regla 60 de Procedimiento Civil, *supra*, al demandado se hace a través de una notificación-citación. Significa que, además de notificarle al demandado la reclamación en cobro de dinero

presentada en su contra, por ese mismo medio, se le cita para la vista en su fondo. La regla especifica que será el Secretario quien inmediatamente notifique y cite al demandado por correo o cualquier otro medio de comunicación por escrito, y a su vez, indica que será la parte demandante el responsable de diligenciar la notificación-citación dentro de **10 días** de presentada la demanda.

En el caso de autos, transcurrió 1 año y 5 meses desde que PRCDM presentó la demanda bajo la Regla 60, *supra*, y el TPI le ordenara exponer las razones para no desestimarla bajo la Regla 39.2 (b), *supra*. Sin embargo, determinamos que la respuesta que ofreció la recurrida al foro primario, no justificó oportunamente su inacción. Nuestro Tribunal Supremo ha establecido que la observancia tardía de un término es permisible, si se justifica detalladamente y a cabalidad una justa causa. *González Santos v. Bourns PR, Inc.*, 125 DPR 48 (1989).

A su vez, la recurrida no fue diligente durante la tramitación del pleito, puesto que dejó transcurrir un periodo irrazonable sin solicitarle al tribunal que emitiera la notificación-citación, la cual debió ser diligenciada en 10 días desde que presentaron la demanda. El hecho de que PRCDM haya expresado que estaban en la espera de la citación por parte del Tribunal, no justifica la inactividad por más de 1 año. El abandono del pleito por inactividad o la falta de emplazamiento dentro del término provisto por ley provocan demoras innecesarias que tienen consecuencias perjudiciales. *Ortalaza v. F.S.E.*, 116 DPR 700 (1985). A su vez, "le corresponde, tanto al tribunal como a las partes, velar porque se cumpla con el principio cardinal procesal de que los procedimientos en los tribunales deben tramitarse de forma *justa, rápida y económica.*" *Bco. Des. Eco. v. AMC Surgery*, 157 DPR 150 (2002).

De otra parte, a pesar de que la señora Pagán contestó la demanda, el mismo día presentó una moción de desestimación por

falta de jurisdicción sobre la persona, pues nunca se notificó dentro del término dispuesto en ley. De modo que, la falta de notificación-citación o emplazamiento, al ser un trámite medular para el cumplimiento con el debido procedimiento de ley, afecta directamente la jurisdicción del tribunal.

A la luz de lo anterior, hace necesaria nuestra intervención con la discreción ejercida por el TPI en el caso de autos. Por lo que, determinamos que erró el tribunal *a quo* al determinar que la peticionaria fue debidamente notificada. Procede revocar la *Resolución* recurrida.

**IV**

Por los fundamentos antes expuestos, se expide el recurso de *certiorari*, se revoca el dictamen recurrido y se desestima la demanda de epígrafe.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones